## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| **TIFFANY FOSHEE**, as mother and next friend for deceased minor child **ELIZABETH EAST**,<br><br>    Plaintiff,<br><br>vs.<br><br>**ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC.**,<br><br>    Defendants. | Case No. 3:22-cv-00627 |

### NOTICE OF REMOVAL

Defendants Abbott Laboratories and Abbott Laboratories, Inc. ("Abbott") remove this civil action under 28 U.S.C.§§ 1332, 1441, and 1446.  This Court has subject matter jurisdiction, and the case is removable because there is complete diversity between Abbott and Plaintiff Tiffany Foshee, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

In support of this Notice of Removal, Abbott states the following short and plain statement of the grounds for removal:

1.     This action involves products liability claims arising from Plaintiff's daughter, Elizabeth East, allegedly developing necrotizing enterocolitis (NEC) around the time of her birth.  Plaintiffs claim injuries resulting from Defendants' allegedly defective design of preterm infant formula products, failure to warn of the dangers of Defendants' products, and negligence about Defendants' preterm infant formula products.

2. On March 24, 2022, Plaintiffs filed a complaint against Abbott in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, captioned *Tiffany Foshee, as mother and next of friend for deceased minor child Elizabeth East v. Abbott Laboratories, Abbott Laboratories Inc.,* No. 22LA0244. The Complaint purports to assert claims against Defendant for Strict Liability for Design Defect (Count I); Negligence (Count II); and Strict Liability for Failure to Warn (Count III).

3. At the time of the filing of this Notice of Removal, to the best of its knowledge, Abbott has not been served with the complaint or any other process, pleadings, or orders.

4. No further proceedings have been had in the state court action.

5. Pursuant to 28 U.S.C. § 1446(a), copies of the following documents are attached to this Notice of Removal:

> **Exhibit A:** Plaintiffs' Complaint;
>
> **Exhibit B:** A copy of the docket sheet in the state court action and the entire state court file.

**I.     Removal is proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332.**

6. This case is properly removed to this Court pursuant to §§ 1332(a)(1) and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, between citizens of a state (Defendant) and citizens of a different state (Plaintiffs).

**A.     The amount in controversy exceeds $75,000.**

7. Pursuant with 28 U.S.C. § 1446(c)(2)(A)(ii), Abbott hereby asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Abbott makes this assertion in good faith based on Plaintiffs' alleged injuries. *See Sabrina Roppo v. Travelers Commercial Ins.Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing party therefore only must

2

establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by theevidence.'") (citation omitted).

8. The Plaintiff alleges that her daughter's death was due to the development of necrotizing enterocolitis. The Plaintiff claims that her daughter, Elizabeth East, "was fed Similac cow's milk-based products" which caused her to develop necrotizing enterocolitis. Complaint (Mar. 24, 2022), Exhibit A ¶¶ 1, 11.

9. Plaintiff, in their prayer for relief, includes "damages for past, present, and future emotional distress or non-economic losses; past present, and future out of pocket costs and attorney fees; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present and future lost income and/or lost revenue and/or lost profits and/or lost business opportunity; loss of revenue earning capacity; [and] costs related to medical or mental health treatment which might occur in the future[.]" *Id.* at 39-40, Prayer for Relief ¶ 4.

10. The face of the Complaint makes clear that Plaintiffs' claimed damages exceed $75,000, exclusive of interest and costs. *See McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.").

11. "An alleged amount in controversy satisfies the jurisdictional requirement so long as it is not legally impossible for the claimant to recover that amount in damages on the claim." *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) (citing *Grinnell Mutual Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)). An award of more than $75,000 "is not legally impossible." *Id.* It is therefore apparent from the face of the Complaint

that more than $75,000, exclusive of interest and costs, is in controversy in this case.[1]

### B. There is complete diversity of citizenship.

12. This Court's jurisdictional diversity requirement is satisfied because the suit is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

13. Plaintiff is a citizen of Alabama. Ex. A ¶ 2.

14. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

15. Defendant Abbott Laboratories was at the time of filing of the Complaint, and has been at all intervening times, a corporation incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois. Ex. A ¶ 3.

16. Defendant Abbott Laboratories, Inc. was at the time of filing of the Complaint, and has been at all intervening times, a corporation incorporated under the laws of the States of Delaware with its principal place of business in the State of Illinois. *Id* ¶ 4.

### C. Removal is not procedurally barred by the forum defendant rule.

17. 28 U.S.C. § 1441(b)(2) provides that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Abbott Laboratories and Abbott Laboratories, Inc. are citizens of Illinois. However, Defendants have not been served as of the time of filing this Notice of Removal. Section 1441(b)(2)'s "home state" bar on removal only applies to defendants that

---

[1] Abbott, of course, does not concede that Plaintiffs are entitled to recover more than $75,000, and deny that Plaintiffs are entitled to recover any damages. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568,579 (7th Cir. 2017) ("A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'").

4

have been properly served, and "removal is permitted if it occurs before service of an in-forum defendant is effectuated." *Knightsbridge Mgmt. v. Zurich Am. Ins. Co.,* 2021 WL 508687, at *3–4 (S.D. Ill.); *In re Pradaxa (Diabigatran Etexilate) Prod. Liab. Lit,* 2012 WL 656822, at *4 (S.D. Ill.) ("[t]he vast majority of courts considering those statutory requirements have concluded that, where diversity exists, the presence of an unserved forum defendant does not bar removal."); *see also Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd norfundamentally unfair"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (the "plain meaning [of section 1441(b)(2)] precludes removal on the basis ofin-state citizenship only when the defendant has been properly joined and served"); *D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 992 (N.D. Ill. 2018) ("the statutory text [of section 1441(b)(2)] must control" and that the statute does not bar removal where a joined forum defendant remains unserved); *Graff v. Leslie Hindman Auctioneers, Inc.*, 2017 WL 4864871 (N.D. Ill.) (where a forum defendant is un-served "[t]he forum defendant rule does not applyhere under the plain meaning of [§ 1441(b)(2)]").

**II.     Abbott has satisfied all other procedural requirements for removal.**

    **A.     Removal is timely.**

18.     Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within thirty days after receipt of a copy of the complaint through service.  Plaintiffs filed the state court action March, 24 2022.  *See* Exhibit B.  Abbott has not yet been served.  This Notice of Removal is timely.

5

  **B.**  **This is the proper venue.**

  19. The United States District Court for the Southern District of Illinois East St. Louis Division embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Southern District of Illinois, East St. Louis Division pursuant to 28 U.S.C. §§ 93(c) and 1441(a).

  **C.**  **All other procedural requirements have been met.**

  20. Pursuant to 28 U.S.C. § 1446(d), Abbott will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending. Abbott will also serve written notice of the filing of this Notice of Removal on counsel for the Plaintiff.

  21. By filing this Notice of Removal, Abbott does not waive any rights, privileges, or defenses, including defenses related to personal jurisdiction, and does not concede that this is an appropriate or convenient forum for resolution of these claims.

  WHEREFORE, Abbott respectfully removes this action from the Circuit Court of the Twentieth Judicial Circuit St. Clair County, Illinois, bearing Number 22LA0244, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: March 25, 2022      Respectfully submitted,

               **HEPLERBROOM LLC**

               By: */s/ W. Jason Rankin*
                  W. Jason Rankin, #6237927
                  130 N. Main Street
                  P.O. Box 510
                  Edwardsville, IL 62025
                  (618) 656-0184
                  (618) 656-1364 - Facsimile
                  wjr@heplerbroom.com

               ***Attorney for Defendant Abbott Laboratories and Abbott Laboratories, Inc.***

.

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On this date I further caused to be served on each of the attorneys identified below, via U.S. mail:

| | |
|---|---|
| David Cates<br>**Cates Mahoney, LLC**<br>216 West Pointe Drive, Suite A<br>Swansea, IL 62226<br>Telephone: (618) 227-3644<br>Fax: (618) 277-7882<br>dcates@cateslaw.com<br><br>Stephen M. Reck<br>Jose Rojas<br>Scott D. Camassar<br>Paul Levin<br>**Levin, Rojas, Camassar & Reck LLC**<br>391 Norwich-Westerly Rd<br>North Stonington, CT 06359<br>Phone: (860) 535-4040<br>Fax: (860) 535-<br>attorneyreck@yahoo.com<br>rojas@ctlawyer.net<br>sdcamassar@gmail.com<br>plevin1111@aol.com | J. Gerard Stranch, IV<br>Benjamin A. Gastel<br>Janna Maples<br>**Bransetter, Stranch & Jennings PLLC**<br>223 Rosa L Parks Avenue, Suite 200<br>Nashville, TN 37203<br>Phone: (615) 254-8801<br>Fax: (615) 255-5419<br>gerards@bsjfirm.com<br>beng@bsjfirm.com<br>jannam@bsjfirm.com |

*Attorneys for Plaintiff*

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this certificate of service are true and correct.

/s/ W. Jason Rankin