IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIFFANY FOSHEE**, *as parent and next friend for deceased minor child* **ELIZABETH EAST**, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  Case No. 22-cv-627-DWD |
| **ABBOTT LABORATORIES, and ABBOTT LABORATORIES, INC.**, | )<br>)<br>)<br>) |
| Defendant. | ) |

**ORDER OF REMAND**

**DUGAN, District Judge:**

On March 24, 2022, Plaintiff Tiffany Foshee filed her complaint in the Circuit Court of St. Clair County, Illinois, asserting wrongful death and consumer fraud claims against Defendants Abbott Laboratories and Abbott Laboratories, Inc. in connection to the death of her infant daughter (Doc. 1-1). On March 25, 2022, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 asserting diversity jurisdiction (Doc. 1). Now before the Court is Defendants' Motion to Remand (Doc. 7). Plaintiff filed a Response and request for attorneys' fees (Doc. 12), to which Defendants replied (Doc. 15).

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where specifically authorized by federal statute. *See Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). Under 28 U.S.C. § 1332(a), district courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 and complete diversity of citizenship exists. In this case, there is no dispute over the amount

1

in controversy or diversity. Specifically, based on the alleged injuries in her complaint (Doc. 1-1), the amount-in-controversy requirement is not reasonably in dispute. Further, compete diversity of citizenship exists because Plaintiff is a citizen of Alabama, Defendant Abbott Laboratories is a citizen of Illinois, and Defendant Abbott Laboratories, Inc. is a citizen of Delaware and Illinois (Doc. 1, ¶¶ 13, 15-16; Doc. 1-1, ¶¶ 2-4). *See Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997).

Although diversity jurisdiction is present, Defendants, as the removing parties, must also "clear the additional hurdle of the forum defendant rule." *See Knightsbridge Mgmt., Inc. T/A Knightsbridge Rest. Grp. v. Zurich Am. Ins. Co.*, 518 F. Supp. 3d 1248, 1252 (S.D. Ill. 2021) (citing *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013)) (internal markings omitted)). The forum defendant rule prohibits the removability of a diversity action when any of the parties in interest "*properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added); *Knightsbridge Management, Inc. T/A Knightsbridge Restaurant Group*, 518 F. Supp. 3d at 1253. This hurdle is at issue here because both Defendants are citizens of Illinois, the state where this action was originally brought.

In their Notice of Removal, Defendants acknowledged that they were citizens of Illinois, however, they reasoned that the forum defendant rule did not preclude their removal because neither defendant had been served (Doc. 1). Defendants now concede that they were wrong and confirm that both Defendants had been served prior to the filing of the Notice of Removal on March 25, 2022 (Doc. 7). Upon discovering this error, Defendants quickly moved to remand this case on their own Motion (Doc. 7).

2

Because the state court was Plaintiff's original forum where she filed this action, the undersigned presumed that Plaintiff would not oppose Defendants' Motion (*See* Doc. 8). Nevertheless, the Court directed Plaintiff to file a response or opposition to the Motion because diversity jurisdiction exists, and the application of the forum defendant rule does not otherwise preclude this Court's jurisdiction. *See Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379 (7th Cir. 2000) (holding that the forum defendant rule is nonjurisdictional and can be waived); *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 3:12-CV-60092-DRH, 2013 WL 656822 (S.D. Ill. Feb. 22, 2013), at *3 (the forum defendant rule "is a separate, nonjurisdictional inquiry within its own statutory requirements.").

Plaintiff filed her Response, and agrees that remand is appropriate, arguing that this Court lacks jurisdiction or that the removal was otherwise improper (Doc. 12). Plaintiff also seeks attorney's fees pursuant to 28 U.S.C. § 1447(c), asserting that Defendants' removal was unreasonable because the "snap removal" provisions of 28 U.S.C. § 1441(b)(2) are highly controversial and Defendants failed to confirm whether they had been served prior to their removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (attorney's fees may be awarded under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal"); *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007).

Plaintiff's argument concerning the availability of "snap removals" is premised on out-of-District authority finding that snap removals frustrate the purpose of the forum defendant rule. *See Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017) (granting remand motion and concluding that "snap removal

3

thwarts the purpose of the forum defendant rule"). Although this line of reasoning has been adopted by a variety of district courts in the country, it is generally considered the minority interpretation. *See D.C. by & through D.C. by & through Cheatham v. Abbott Lab'ys Inc.*, 323 F. Supp. 3d 991, 995 (N.D. Ill. 2018) (collecting cases and concluding that the majority of courts "look to the plain meaning of the statute and conclude that removal before service on an in-forum defendant is permissible based on the 'properly joined and served' language."); *see also Tavistock Rest. Grp., LLC v. Zurich Am. Ins. Co.*, No. 20-CV-04364, 2021 WL 1614519, at *2–3 (N.D. Ill. Apr. 26, 2021) (observing that more recent cases adopt the plain-text approach and finding that this approach better aligns "with accepted principles of statutory construction.").

In a recent decision from this District, Magistrate Judge Sison provided a well-reasoned and precise overview of the current landscape of the forum defendant rule in this District. Particularly, courts in this District have found it appropriate to rely on the plain meaning of the statute to conclude that removal is permitted if it occurs before service of an in-forum defendant is effectuated. *See Knightsbridge Management, Inc. T/A Knightsbridge Restaurant Group*, 518 F. Supp. 3d at 1252–53 (collecting cases); *In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, 2013 WL 656822, at *4 ("The vast majority of courts considering those statutory requirements have concluded that, where diversity exists, the presence of an unserved forum defendant does not bar removal."). Accordingly, this Court declines to adopt Plaintiff's expansive argument concerning the impropriety of "snap removals."

4

Nevertheless, it is uncontested that Defendants were both "properly joined and served" prior to the filing of their Notice of Removal.  Accordingly, the forum defendant rule does prohibit their removal and remand is required.  *See* 28 U.S.C. § 1441(b)(2); *Hurley*, 222 F.3d at 380 (if properly invoked, the forum defendant rule is a procedural defect that precludes removal).

This leaves only Plaintiff's request for costs and fees under 28 U.S.C. § 1447(c).  District courts retain discretion with respect to awards under § 1447(c), however, this discretion was significantly restricted by the Supreme Court in *Martin*, which held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin*, 546 U.S. at 141; *see also Lott*, 492 F.3d at 791.  In this Circuit, a removal is objectively unreasonable if it violates clearly established law.  *See Lott*, 492 F.3d at 793; *Womack v. Makharadze*, No. 3:19-CV-937-NJR-GCS, 2020 WL 607136, at *3 (S.D. Ill. Feb. 7, 2020) (citing *Loellke v. Moore*, No. CIV. 12-2-GPM, 2012 WL 253373 (S.D. Ill. Jan. 26, 2012).  Pre-service removal by an in-forum defendant is not foreclosed by clearly established law.  Further, under the present circumstances, and particularly considering Defendants' forthright action in quickly alerting the Court to their error, no fees or costs will be awarded.

## Disposition

For the above stated reasons, Defendants' Motion to Remand (Doc. 7) is **GRANTED**, and the Court **REMANDS** this case to the Circuit Court for the Twentieth Judicial District, St. Clair County, Illinois pursuant to 28 U.S.C. § 1447(c).  Plaintiff's request for fees (Doc. 12) is **DENIED**.  The Clerk of Court is **DIRECTED** to transmit a

certified copy of this Order to the clerk of the state court, and thereafter **CLOSE** this case.

All pending deadlines and hearings are **CANCELLED**.

**SO ORDERED.**

Dated: April 8, 2022

_____
DAVID W. DUGAN
United States District Judge